UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANCHEZ STEPHENS,

    Petitioner,

        v.                        CAUSE NO. 3:20-CV-263-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Sanchez Stephens, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-19-6-34) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a weapon in violation of Indiana Department of Correction Offense 106. Following a disciplinary hearing, he was sanctioned with a loss of one hundred days earned credit time and a demotion in credit class.

Stephens argues that he is entitled to habeas relief because the hearing officer had insufficient evidence to support a finding of guilt. He states that he did not know that the weapon was in his mattress and that another inmate admitted to putting it there without Stephens' knowledge.

> T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The disciplinary policy broadly defines the possession as "[o]n one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." The administrative record includes a conduct report in which a correctional officer represented that he found a makeshift weapon in a mattress in Stephens' cell and that Stephens was lying on the mattress immediately before the search. It also includes a statement from another inmate stating that they placed the weapon there without Stephens' knowledge. This evidence demonstrates that the makeshift weapon was in Stephens' cell in a location under his control and thus constitutes some evidence of possession of a deadly weapon. Therefore, the claim that the hearing officer had insufficient evidence to find him guilty is not a basis for habeas relief.

Stephens further argues that he received inadequate notice of the hearing. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 ( 1974). This notice must be given no less than twenty-four hours before the hearing. *Id*. The administrative record includes a screening report showing that Stephens received notice

of the charges and the conduct report on June 6, 2019. It also includes a hearing report showing that the hearing was held nearly a month later on July 2, 2019, which indicates that Stephens had ample notice of the hearing. Additionally, habeas petitioners are generally required to pursue all available administrative remedies for each claim to obtain relief in federal court. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). As a result, even if this argument had merit, the court could not grant habeas relief because there is no indication that Stephens raised the argument in an administrative appeal.

Because Stephens has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Stephens wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Sanchez Stephens leave to proceed in forma pauperis on appeal.

SO ORDERED on September 17, 2020

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT